IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARKDUTCHCO 1 B.V., <br><br> Plaintiff, <br><br> v. <br><br> ZETA INTERACTIVE CORP., <br><br> Defendant. | Civil Action No. 17-1641-CFC |

William M. Lafferty, John P. DiTomo, Zi-Xiang Shen, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Stephen M. Juris, Alexandra Verdi, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, New York, New York

*Counsel for Plaintiff*

Patricia A. Winston, MORRIS JAMES LLP, Wilmington, Delaware; John Du Wors, Nathan Durrance, NEWMAN DU WORS DURRANCE LLP, Seattle, Washington

*Counsel for Defendant*

**MEMORANDUM OPINION**

November 13, 2019
Wilmington, Delaware

$$\underline{\text{Colm F. Connolly}}$$
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

MarkDutchCo 1 B.V. (MarkDutchCo) has sued Zeta Interactive Corp. (Zeta) for Specific Performance (Count I), Breach of Contract (Count II), and Declaratory Judgment and Injunctive Relief (Count III). All three claims arise from Zeta's refusal to pay MarkDutchCo $3,450,000 MarkDutchCo alleges it is owed. Zeta has moved for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction or, alternatively, for a stay of the case until a related case in this Court and a purported arbitration in England are resolved. D.I. 5.

## I. BACKGROUND[1]

This case arises out of an Interest Purchase Agreement that Zeta and non-party Markmidco S.àr.l (Markmidco) entered into as of August 28, 2015. D.I. 1, Ex. A. Pursuant to the Purchase Agreement, Zeta acquired Markmidco's interest in a customer relationship management business (the CRM business), which

---

[1] Zeta's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction presents a facial attack on MarkDutchCo's claims. Therefore, I will apply to this motion the same legal standard that governs Rule 12(b)(6) motions. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Accordingly, in considering Zeta's motion, I accept as true all factual allegations in the complaint and view those facts in the light most favorable to MarkDutchCo. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

consisted of several companies that provided to retailers email and text message marketing, database management, and related services. Zeta agreed to pay, among other things, $23,000,000 in cash for the CRM Business. But the Purchase Agreement permitted Zeta to hold back at the closing of the transaction and to retain for up to 18 months and three business days $3,450,000 of the cash payment (the "Holdback Amount") as insurance against losses covered by the Agreement's indemnification provisions. Pursuant to § 6(b)(v) of the Agreement and a subsequent assignment of Markmidco's rights under the Agreement to MarkDutchCo, when the 18-month-and-three-business-day period expired on May 5, 2017, Zeta was obligated to pay MarkDutchCo "an amount equal to the Holdback Amount[] *less* the Retained Holdback Amounts." D.I. 1, Ex. A § 6(b)(v). The Agreement defined "Retained Holdback Amounts" as the amount of indemnified losses "that are finally determined." D.I. 1, Ex. A § 6(b)(v).

Under the Purchase Agreement, there were three ways for Zeta to obtain a final determination of its indemnified losses:

    (i)    by "reach[ing] an agreement in writing" with the other parties to the dispute that created the losses;

    (ii)    by getting "a final and non-appealable order" from "a court of competent jurisdiction[;]" or

    (iii)    by getting "a final non-appealable determination" from "an arbitration or like panel[.]"

D.I. 1, Ex. A at § 6(b)(v).

At no time before May 5, 2017 did Zeta obtain or seek to obtain an agreement in writing with Markmidco or MarkDutchCo; nor did it obtain or seek to obtain an order with respect to any losses from a court or arbitration-like panel. On May 1, 2017, Zeta informed MarkDutchCo that it planned on withholding the entirety of the Holdback Amount because of various losses it alleged it had incurred. Zeta has refused to this date to make any payment to MarkDutchCo. That refusal led MarkDutchCo to file this lawsuit, by which it seeks to recover the entirety of the Holdback Amount.

## II. DISCUSSION

Zeta argues that this case is not ripe for adjudication, because there has been no final determination of the amount of losses Zeta alleges it incurred and is entitled to offset against the Holdback Amount.

Federal jurisdiction is limited by the doctrine of "ripeness," which "determines when a proper party may bring an action." *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995) (internal quotation marks and citation omitted). The ripeness doctrine exists "to prevent federal courts 'through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). A claim is not ripe "if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296,

3

300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

Courts generally look to two factors to determine if a matter is ripe: "(1) the fitness of the issues for judicial decision[] and (2) the hardship to the parties of withholding court consideration." *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir. 2004) (internal quotation marks and citations omitted).

Whether a dispute is fit for judicial review turns on whether "further factual development would significantly advance [the Court's] ability to deal with the legal issues presented[.]" *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003) (internal quotation marks and citations omitted). In this case, MarkDutchCo's breach of contract claim is not contingent on future events. The parties agreed that no later than May 5, 2017 Zeta would pay the Holdback Amount less the Retained Holdback Amounts. *See* D.I. 1, Ex. A § 6(b)(v). May 5, 2017 has come and gone, and Zeta has refused to pay MarkDutchCo. No more facts need to develop for me to determine whether, and, if so, what amount, Zeta should have paid MarkDutchCo. In short, because I "will be in no better position later than [I am] now to decide" what amount, if any, Zeta owes MarkDutchCo under § 6(b)(v), MarkDutchCo's claims are fit for judicial decision. *Duke Power Co. v. Carolina Envt'l Study Grp., Inc.*, 438 U.S. 59, 82 (1978) (internal quotations and citation omitted).

Additionally, MarkDutchCo would suffer hardship if I were to further delay consideration of its claims. MarkDutchCo alleges Zeta owes it 3.45 million dollars and has for over two years refused to pay it that sum. Accordingly, its claims are ripe for review.

Zeta argues in the alternative that even if MarkDutchCo's claims are ripe, I should stay this case pending the resolution of a related proceeding in this Court and an arbitration Zeta stated in its briefing that it intended to file in England. I have already resolved the related case in this Court against Zeta. *See MarkDuctchCo. 1 B.V. v. Zeta Interactive Corp*, CA No. 17-1420-CFC (D. Del. Nov. 12, 2019). As for the English arbitration, it is unclear whether Zeta filed the arbitration, let alone that a date has been set for the arbitration.[2] More importantly, Zeta has not explained how a ruling in such an arbitration would simplify the issues needed to be resolved in this case, and delaying this case further in favor of an English arbitration would clearly work to the tactical disadvantage of MarkDutchCo. Accordingly, I will exercise my discretion and decline Zeta's request for a stay. *See f'real Foods, LLC v. Welbilt, Inc.*, 2019 WL 5626857, at *2

---

[2] In the parties' Joint Status Report, filed after briefing on the pending motion was completed, Zeta represented that it had "initiated a breach of contract action in the United Kingdom against Plaintiff and related entities for various breaches of a subagreement entered into as part of the [Interest Purchase Agreement]." D.I. 19 at 4 n. 2. It is unclear if "the breach of contract action" is the same arbitration Zeta intended to file or another court proceeding, as Zeta offered no further information about the action.

(D. Del., Oct. 31, 2019) (noting that courts typically consider three factors in deciding whether to grant or deny a stay request: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party).[3]

## III. CONCLUSION

For the foregoing reasons, I will deny Defendant's motion to dismiss.

The Court will enter an Order consistent with this Memorandum Opinion.

---

[3] On page 10 of its brief filed in support of its motion, Zeta writes: "Although courts most frequently apply the *Brillhart* rule when there is a parallel state court proceeding, the rule is consistently extended to cases where there are parallel *federal* court proceedings." D.I. 6 at 10. Zeta presumably is referring to the Supreme Court's holding in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). I say presumably because Zeta neither cites *Brillhart*, nor discusses *Brillhart* beyond the passing reference to the case in the sentence just quoted. To the extent Zeta intended to raise an argument based on *Brillhart*, the argument is waived. *See John Wyeth & Bro. Ltd. v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.").